IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

```
_____
                               )
RACHAEL EDMUNDS,               )
                               )
     Plaintiff,                )
                               )
v.                             )    Civil Action No. 05-828
                               )
MARGARET SPELLING, et al.,     )
                               )
     Defendants.               )
_____)
```

### ORDER

This matter comes before the Court on Defendants Spelling and Swanson-Hall's Motion to Dismiss.  This action arises out of Defendants' alleged attempt to collect a federal student loan debt previously discharged in bankruptcy.  Plaintiff filed a two count Complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA" or the "Act"), 15 U.S.C. § 1692, et seq. (1998) and the Virginia Consumer Protection Act ("VCPA").  Va. Code Ann. § 59.1-196 (2001).  The Secretary of Education and the Director of the Department of Education's Atlanta Service Center moved to dismiss the Complaint.

As an initial matter, while Plaintiff's Complaint alleges a series of actions taken by the private Defendants, it fails to allege any action whatsoever taken by either Defendant Spelling or Defendant Swanson-Hall.  As such, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Further, even if Plaintiff had alleged actions on behalf of the above mentioned Defendants, her claim necessarily fails as those Defendants do not come within the purview of the Act. Congress enacted the FDCPA in order to protect debtors from abusive collection practices by debt collectors. 15 U.S.C. § 1692(e). Implicit in the FDCPA, therefore, is the threshold requirement that the prohibited practices have been employed by a "debt collector" as defined in the Act. The FDCPA explicitly excludes from that definition, "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties...." 15 U.S.C. § 1692a(6)(C). Both Defendant Spelling, as the Secretary of Education, and Defendant Swanson-Hall, as Director of the Department of Education's Atlanta Service Center, are employees of the United States and, if in fact they took any action alleged in the Complaint, they did so in the performance of their official duties and thus fall outside the scope of the FDCPA. As such, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

While Plaintiff's Complaint does not contain an expressly articulated claim for negligence, it does, however, contain legal conclusions sounding in tort. To the extent that Plaintiff seeks to assert such a claim against Defendants Spelling and Swanson-Hall, the exclusive remedy available to her is an action under

2

the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. (1994).  A prerequisite to the institution of a cause of action under that Act is the exhaustion of administrative remedies.  28 U.S.C. § 2675(a).  Plaintiff's Complaint fails to make any representation regarding exhaustion and, as such, Plaintiff is also precluded from proceeding under the FTCA.  Therefore, it is hereby

ORDERED that Defendants' Motion to Dismiss is GRANTED and this case is DISMISSED as to Defendants Spelling and Swanson-Hall.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
August 26\_\_, 2005